# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **WILBUR ALEXANDER HERNANDEZ-PENA** | **CIVIL ACTION NO. 26-180-P** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **BRIAN ACUNA, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the court is a Motion for Order to Show Cause (Doc. 2) filed by Wilbur Alexander Hernandez-Pena, ("Petitioner"). Petitioner is an immigration detainee at the Jackson Parish Correctional Center seeking release from detention. According to the habeas petition (Doc. 1), Petitioner is a native and citizen of El Salvador who entered the United States without inspection in 2012. In September of 2025, he was taken into custody and has remained in ICE custody ever since. A bond was not set. On December 15, 2025, Petitioner was granted a Cancellation of Removal for Non-Permanent Residents under 8 U.S.C. § 1229(b). The government filed an appeal. Petitioner has not requested review of his custody by an immigration judge.

Petitioner seeks enforcement of his rights as a member of the Bond Denial Class certified in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3289861, (C.D. Cal. Nov. 20, 2025). He claims he faces unlawful detention because the Department of Homeland Security and the Executive Office for Immigration Review have refused to abide by the declaratory judgment issued on behalf

of the certified class in <u>Maldonado Bautista v. Santacruz</u>. <u>Id.</u>  He claims the declaratory

judgment held that the Bond Denial Class members are detained under 8 U.S.C. § 1226(a)

and may not be denied consideration for release on bond under § 1225(b)(2)(A).

Petitioner argues that his continued detention violates the Due Process Clause of the Fifth

Amendment.  Plaintiff claims Respondents cannot re-arrest and re-detain him for no reason

when the government released him pursuant to 8 U.S.C. § 1226(a) to apply for asylum.  He

claims his ongoing imprisonment without hope of a bond hearing is not narrowly tailored

to serve a compelling government interest because of his length of time in the United States,

lack of a criminal history, and relief available to him before the immigration courts.  He

claims the previous finding of the immigration judge to dismiss the removal case against

him further underlines that his continued detention without an opportunity for a bond

hearing is unjustified.

In his habeas petition, Petitioner is seeking his release within one day or, in the

alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days.

In this Motion to Show Cause (Doc. 2), Petitioner asks the court to order

Respondents to respond to his habeas petition within three days or, alternatively, no more

than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

A court, justice or judge entertaining an application for a writ of habeas corpus shall
forthwith award the writ or issue an order directing the respondent to show cause
why the writ should not be granted, unless it appears from the application that the
applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.  Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations."  Danforth v. Minnesota, 552 U.S. 264, 278 (2008).  The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241.  See Maniar v. Warden Pine Prairie Corr. Ctr., 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; See also, Taylor v. Gusman, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion.  See Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243).  Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation.  See Baker v. Middlebrooks, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); Hickey v. Adler, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause within three days (Doc. 2) is **DENIED**.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. See Hickey v. Adler, 2008 WL 3835764, (E.D. Cal. 2008); Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); Wyant v. Edwards, 952 F.Supp. 348 (S.D.W. Va. 1997).

However, because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the habeas petition (Doc. 1) within **21 days** of the date of this Order.  Petitioner shall have **seven days** to reply.

After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing.  If no hearing is necessary, a Report and Recommendation will be issued without further notice.

**THE CLERK IS INSTRUCTED** to provide a copy of this Order to the Civil Chief in the United States Attorney's Office for the Western District of Louisiana and grant her access to the pleadings.

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 2nd day of February 2026.

Mark L. Hornsby
U.S. Magistrate Judge